UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Bella Vodovozova,<br><br>      Plaintiff,<br><br>    v.<br><br>BAC Home Loans Servicing, L.P., d/b/a Bank of America Home Loans,<br><br>      Defendant. | Civil Action No. 1:10-cv-10875 |

**DEFENDANT BAC HOME LOANS SERVICING, L.P.'S ANSWER
TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant BAC Home Loans Servicing, L.P., ("BAC") submits its answer and affirmative defenses to the First Amended Complaint ("FAC") filed by Plaintiff Bella Vodovozova ("Plaintiff"). These responses are made without waiving, but expressly reserving, all rights that BAC has to file dispositive motions addressed to some or all of the claims asserted in the FAC. Except as expressly admitted herein, all allegations in the FAC are denied.

**"First Amended Complaint"**

The unnumbered paragraph and headings preceding Paragraph 1 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

**"Summary"**

1.     BAC admits the first two sentences of Paragraph 1. The remaining allegations in Paragraph 1 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the remaining allegations.

**"Federal Jurisdiction"**

The unnumbered paragraph and headings preceding Paragraph 2 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

2. The allegations in Paragraph 2 state conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 2.

3. The allegations in Paragraph 3 state conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 3.

4. The allegations in Paragraph 4 state conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 4.

5. The allegations in Paragraph 5 state conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 5.

**"Parties"**

The unnumbered paragraph and headings preceding Paragraph 6 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

6. Admitted.

7. BAC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and accordingly denies each allegation in Paragraph 7.

8. With respect to the allegations in Paragraph 8 of the Complaint, BAC admits that BAC Home Loans Servicing, LP, is a Texas limited partnership with principal offices located at 6400 Legacy Dr., Plano, Texas 75024 and that it regularly does business in Massachusetts. The remaining allegations in Paragraph 8 are conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the remaining allegations.

9. In response to Paragraph 9, BAC admits that only that it is an indirect subsidiary of Bank of America, N.A., which is a nationally chartered bank.

**"Background on the Foreclosure Crisis and the Creation of HAMP"**

The unnumbered paragraph and headings preceding Paragraph 6 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

10. BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and therefore denies such allegations. To the extent such allegations are based on the contents of any documents, BAC states that such documents speak for themselves and denies any attempt to characterize any such documents.

11. BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and therefore denies such allegations. To the extent such allegations are based on the contents of any documents, BAC states that such documents speak for themselves and denies any attempt to characterize any such documents.

12. BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and therefore denies such allegations. To the extent such allegations are based on the contents of any documents, BAC states that such documents speak for themselves and denies any attempt to characterize any such documents.

13. BAC is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13, and therefore denies such allegations. To the extent such allegations are based on the contents of any documents, BAC states that such documents speak for themselves and denies any attempt to characterize any such documents.

14. Admitted.

15. In response to Paragraph 15, BAC states that

16. In response to Paragraph 16, BAC states that the document to which Plaintiff refers speaks for itself and denies any attempt to characterize any such document.

17. In response to Paragraph 17, BAC states that the documents to which Plaintiff refers speaks for themselves and denies any attempt to characterize any such documents.

18. The allegations in Paragraph 18 are conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 18.

19. In response to Paragraph 19, BAC states that the documents to which Plaintiff refers speaks for themselves and denies any attempt to characterize any such documents. Answering further, BAC states that the allegations in Paragraph 19

are conclusions of law to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 19.

20. In response to Paragraph 20, BAC states that the document to which Plaintiff refers speaks for itself and denies any attempt to characterize any such document.

21. In response to Paragraph 21, BAC states that the document to which Plaintiff refers speaks for itself and denies any attempt to characterize any such document.

**"Background on Plaintiff's Mortgage"**

The unnumbered paragraph and headings preceding Paragraph 6 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

22. Admitted.

23. On information and belief, BAC admits that Plaintiff fell behind on her mortgage loan in October and November of 20009. BAC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies such allegations.

24. Admitted.

25. BAC admits that the Federal Home Loan Mortgage Corporation ("Freddie Mac") is the owner of Plaintiff's mortgage loan.

26. BAC admits that it has a servicing contract with Freddie Mac. To the extent that the allegations in Paragraph 26 are based on the contents of such contract, BAC states that the document speaks for itself and denies any attempt to characterize such document.

27. In response to Paragraph 27, BAC states that the documents to which Plaintiff refers speak for themselves and denies any attempt to characterize any such documents.

28. In response to Paragraph 28, BAC states that the documents to which Plaintiff refers speak for themselves and denies any attempt to characterize any such documents.

29. The allegations contained in Paragraph 29 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 29. Answering further, BAC states that the documents to which Plaintiff refers speak for themselves and denies any attempt to characterize any such documents.

30. The allegations contained in Paragraph 30 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 30.

31. The allegations contained in Paragraph 31 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 31.

32. Admitted.

33. Admitted.

34. The allegations contained in Paragraph 34 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 34.

35. The allegations contained in Paragraph 35 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 35.

36. The allegations contained in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 36.

37. BAC admits only that Plaintiff submitted her request for a loan modification to BAC on August 9, 2010. On information and belief, BAC's consideration of Plaintiff's request is still ongoing.

## Count I:
## Equal Credit Opportunity Act, 15 U.S.C. § 1691, et seq.

The unnumbered paragraph and headings preceding Paragraph 23 make no allegations and therefore requires no response. To the extent a response is deemed to be required, Defendant denies those allegations.

38. BAC incorporates by reference its responses to preceding Paragraphs 1-37 here. To the extent a further response is deemed to be required, Defendants denies each allegation in Paragraph 38.

39. The allegations contained in Paragraph 39 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 39.

40. The allegations contained in Paragraph 40 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 40.

41. The allegations contained in Paragraph 41 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 41.

42. The allegations contained in Paragraph 42 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 42.

43. The allegations contained in Paragraph 43 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 43.

44. BAC admits only that Plaintiff submitted a request to modify her mortgage loan on December 29, 2009. To the extent Plaintiff alleges that request was a "completed application" within the meaning of the Equal Credit Opportunity Act and regulations promulgated thereunder, BAC states that such allegation is a legal conclusion to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 44.

45. BAC admits only that Plaintiff submitted a request to modify her mortgage loan on August 9, 2010. To the extent Plaintiff alleges that request was a "completed application" within the meaning of the Equal Credit Opportunity Act and regulations promulgated thereunder, BAC states that such allegation is a legal conclusion to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 45

46. The allegations contained in Paragraph 46 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 46.

47. The allegations contained in Paragraph 47 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 47.

48. The allegations contained in Paragraph 48 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 48.

49. The allegations contained in Paragraph 49 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 49.

50. The allegations contained in Paragraph 50 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 50.

51. BAC is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 51. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 51.

The unnumbered paragraph and heading following Paragraph 51 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations, and Plaintiff's requested relief, including the request for punitive damages, actual damages, attorney's fees, costs and interest, should be denied in its entirety.

### Count II:
### Negligence

The unnumbered paragraph and headings preceding Paragraph 23 make no allegations and therefore requires no response. To the extent a response is deemed to be required, Defendant denies those allegations.

52. BAC incorporates by reference its responses to preceding Paragraphs 1-51 here. To the extent a further response is deemed to be required, Defendants denies each allegation in Paragraph 52.

53. The allegations contained in Paragraph 53 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 53.

54. The allegations contained in Paragraph 54 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 54.

55. BAC admits only that Plaintiff submitted a request to modify her mortgage loan on December 29, 2009. To the extent Plaintiff alleges that request was a "completed application" within the meaning of any applicable federal or state law, BAC states that such allegation is a legal conclusion to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 55.

56. The allegations contained in Paragraph 56 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 56.

57. BAC admits only that Plaintiff submitted a request to modify her mortgage loan on August 9, 2010. To the extent Plaintiff alleges that request was a "completed

       application" within the meaning of any applicable federal or state law, BAC states that such allegation is a legal conclusion to which no response is required.  To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 57.

58.    The allegations contained in Paragraph 58 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 58.

59.    The allegations contained in Paragraph 60 are legal conclusions to which no response is required.  To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 59.

60.    BAC is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 60.  To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 60.

    The unnumbered paragraph and heading following Paragraph 60 make no allegations and therefore requires no response.  To the extent a response is deemed to be required, BAC denies those allegations, and Plaintiff's requested relief, including the request for actual damages, attorney's fees, costs and interest, should be denied in its entirety.

**Count III:**
**Consumer Protection Act, M.G.L. c. 93A**

    The unnumbered paragraph and headings preceding Paragraph 23 make no allegations and therefore requires no response.  To the extent a response is deemed to be required, Defendant denies those allegations.

61. BAC incorporates by reference its responses to preceding Paragraphs 1-60 here. To the extent a further response is deemed to be required, Defendants denies each allegation in Paragraph 61.

62. The allegations contained in Paragraph 62 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 62.

63. The allegations contained in Paragraph 36 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC admits only that it does do business in Massachusetts.

64. The allegations contained in Paragraph 64 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 64.

65. The allegations contained in Paragraph 65 are legal conclusions to which no response is required. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 65.

66. BAC admits only that Plaintiff sent it a demand letter on February 18, 2010. Answering further, BAC states that the document to which Plaintiff refers speaks for itself and denies any attempt to characterize any such document.

67. Admitted.

68. BAC is without sufficient knowledge or information at this time to form a belief as to the truth of the allegations contained in Paragraph 68. To the extent a response is deemed to be required, BAC denies the allegations in Paragraph 68.

The unnumbered paragraph and heading following Paragraph 68 make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations, and Plaintiff's requested relief, including the request for actual damages, trebled damages, attorney's fees, costs and interest, should be denied in its entirety.

## "TRIAL BY JURY DEMANDED ON ALL ISSUES TO [*sic*] TRIABLE"

The unnumbered paragraph and heading following Plaintiff's prayer for relief as to Count III make no allegations and therefore requires no response. To the extent a response is deemed to be required, BAC denies those allegations.

## BAC'S AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's claims are barred in whole or in part by the statutes of limitations applicable to each of Plaintiff's claims.

### SECOND DEFENSE

Plaintiff's claims have been waived, in whole or in part.

### THIRD DEFENSE

Plaintiff's FAC, in whole or in part, fails to state a claim upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as a result of the acts of third parties over whom BAC had no control and is not responsible.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by unclean hands, estoppel and other equitable doctrines.

**SIXTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because their negligence or wrongful conduct proximately caused their injuries, if any.

**SEVENTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, because BAC always acted in good faith and with honesty in fact, and always observed reasonable commercial standards of fair dealing in the trade, when dealing with Plaintiff.

**EIGHTH DEFENSE**

Plaintiff's claims are barred, in whole or in part, by their binding, voluntary agreement to the terms and conditions of the transactions at issue.

**NINTH DEFENSE**

Plaintiff cannot establish that she has suffered any damages whatsoever, and to the extent that any damages could be established, such damages are not cognizable and/or recoverable.

**TENTH DEFENSE**

BAC hereby gives notice that they intend to rely on such other and further defenses as may become available or apparent during discovery proceedings in this case, and they hereby reserve the right to assert such defenses.

**PRAYER FOR RELIEF**

WHEREFORE, BAC denies all requests for relief contained in the FAC, and demands that judgment be entered in its favor and against Plaintiff on all claims alleged in the FAC, and for such other and further relief as this Court may deem just.

        Respectfully submitted,

        Defendant
        BAC Home Loans Servicing, L.P., d/b/a Bank
        of America Home Loans

        By its attorneys,


        /s/ Joshua M. Daniels
        Joshua M. Daniels (BBO #673034)
        Chad W. Higgins (BBO #668924)
        GOODWIN PROCTER LLP
        53 State Street
        Boston, Massachusetts  02109
        Tel.:  617.570.1000
        Fax:  617.523.1231
        E-Mail:  jdaniels@goodwinprocter.com
                 chiggins@goodwinprocter.com

Dated:  April 4, 2011

## CERTIFICATE OF SERVICE

I, Joshua M. Daniels, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF), and that paper copies will be sent to those indicated as non-registered participants on April 4, 2011.

/s/ Joshua M. Daniels
Joshua M. Daniels